IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN ERIC KIRCHNER, ELIZABETH LEE KIRCHNER, and NAZRETZ. GEBREMESKEL, individually and on behalf of all other persons similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br>WYNDHAM VACATION RESORTS, INC., <br><br>    Defendant. | Civil Action No. 20-436-CFC |

---

Herbert Weiswasser Mondros, RIGRODSKY LAW, P.A., Wilmington, Delaware; Howard B. Prossnitz, LAW OFFICES OF HOWARD PROSSNITZ, Oak Park, Illinois; Adam Szulczewski, Chicago, Illinois

 *Counsel for Plaintiffs*

Matthew Denn, DLA PIPER LLP (US), Wilmington, Delaware; David S. Sager, DLA PIPER LLP (US), Short Hills, New Jersey

 *Counsel for Defendant*

## MEMORANDUM OPINION

March 30, 2021
Wilmington, Delaware

                                                                                COLM F. CONNOLLY
                                                       UNITED STATES DISTRICT JUDGE

Plaintiffs Steven Kirchner, Elizabeth Kirchner, and Nazret Gebremeskel filed this putative class action on behalf of themselves and all others similarly situated against Defendant Wyndham Vacation Resorts, Inc. D.I. 1 at 1. According to Plaintiffs' Complaint, "[t]his is a class action . . . alleging uniform and common material omissions in the sales presentations [Wyndham] makes to timeshare Owners in the States of Nevada and Tennessee" in violation of the Nevada Deceptive Trade Practices Act (NDTPA) and the Tennessee Timeshare Act (TTA). D.I. 1 ¶ 1.

Pending before me is Wyndham's Motion to Strike and to Dismiss. D.I. 6. Wyndham asks me to strike pursuant to Federal Rule of Civil Procedure 12(f) certain paragraphs of the Complaint and an exhibit attached to the Complaint. It also argues that I should dismiss the Complaint pursuant to Rule 9(b) for failure to plead fraud with particularity and pursuant to Rule 12(b)(6) for failure to state a cognizable claim. D.I. 6.

## I.    BACKGROUND

Wyndham, a Delaware corporation, operates a timeshare ownership program that sells ownership interests in the form of points that can be used as currency to stay at Wyndham resorts. D.I. 1 ¶¶ 24, 28. Plaintiffs allege that Wyndham

employees misrepresented the timeshare program and omitted material facts in sales presentations for the timeshare program.

Plaintiffs Steve and Elizabeth Kirchner attended a Wyndham presentation, signed a timeshare agreement in Tennessee, and have unsuccessfully sought to have their agreement cancelled. D.I. 1 ¶ 39, 43–44. The Kirchners accepted a two-day promotional trip to a Wyndham location in Pigeon Forge, Tennessee that was conditioned on their attendance at a Wyndham sales presentation. D.I. 1 ¶ 39. At an almost five-hour presentation, the Kirchners experienced "high pressure sales" tactics and "were told that they would be saving money on vacations by becoming Wyndham owners and that they would have great flexibility in when and where they could travel to Wyndham resorts." D.I. 1 ¶¶ 40–41. The Kirchners signed a timeshare contract that included 84,000 points for $15,500. D.I. 1 ¶ 43.

Since signing the contract, the Kirchners have been unable to book stays at their preferred Wyndham destinations for the dates they desire. D.I. 1 ¶ 44. They also discovered that their timeshare ownership was "actually going to have negative economic value" after they calculated the difference between how much it would cost them to rent a room at a Wyndham hotel in dollars versus with the points they purchased. D.I 1 ¶ 45. The Kirchners determined that the value of their 84,000 points was $870, and that after subtracting the yearly maintenance fee (which is currently $707 but increases each year), the benefit they received for the

Wyndham ownership they purchased for $15,500 was $163. D.I. 1 ¶ 45. The Kirchners allege that they were not told during the sales presentation that their ownership would have negative economic value or that they could get a better price at Wyndham locations by booking a hotel room on a public travel website instead of by using their points. D.I. 1 ¶ 42. The Kirchners asked Wyndham to cancel their contract, but Wyndham has refused to do so. D.I. 1 ¶ 44.

Plaintiff Nazret Gebremeskel attended a Wyndham sales presentation, signed a timeshare agreement in Nevada, and has also been unsuccessful in her attempts to cancel the agreement. D.I. 1 ¶ 49, 53–54. In September 2017, Gebremeskel attended a Wyndham sales presentation in Las Vegas, Nevada after being told she would receive discounted Cirque du Soleil tickets for her attendance. D.I. 1 ¶ 49. At the almost seven-hour presentation, Gebremeskel also experienced high-pressure sales techniques, such as being taken to an off-site location and assigned a personal sales agent. D.I. 1 ¶ 49. Gebremeskel alleges that Wyndham omitted three material facts[1] at the presentation: (1) that "it would be cheaper to book a flight or hotel through [public travel websites] than through" the Wyndham ownership program, (2) "that fees would be required to transfer points

---

[1] Gebremeskel lists four material facts that were omitted; however, the second fact ("No disclosure was made that fees would be required to transfer points for use with RCI, an affiliated timeshare company.") and the fourth fact ("No disclosure was made that approximately $50 fee would be charged to transfer points to RCI.") are materially the same. D.I. 1 ¶ 52.

3

for use with" certain transactions associated with the ownership program; and (3) that a purchaser of a timeshare "would have to wait to begin using points after signing the contract." D.I. 1 ¶ 52. Gebremeskel then signed a contract (dated September 2, 2017) purchasing 126,000 points for $39,489.70. D.I. 1 ¶ 53. After discovering it was less expensive to book travel through public travel websites than it was to book travel using Wyndham's points, Gebremeskel asked Wyndham to cancel her agreement, but Wyndham has refused to so. D.I. 1 ¶ 54. Gebremeskel also paid American Resource Management Group, LLC $4,595 to cancel her contract for her; but it too has been unable to do so. D.I. 1 ¶ 54.

Plaintiffs filed their Complaint on March 27, 2020, seeking injunctive relief, the cancellation of their contracts, and damages (compensatory, restitution, punitive and attorneys' fees) for themselves and a putative class comprised of individuals who signed contracts with Wyndham in Tennessee and Nevada. D.I. 1 ¶¶ 72–82.

## II. ANALYSIS

In support of its motion, Wyndham filed a brief that makes three arguments in this order: (1) "immaterial allegations concerning unrelated events and purported misstatements should be stricken," D.I. 7 at 7; (2) the Complaint should be dismissed because it does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), D.I. 7 at 9; and (3) Plaintiffs' claims under

4

the NDTA and TTA fail as a matter of law, D.I. 7 at 11. I will address the arguments in the order in which Wyndham presented them.

### A. The Rule 12(f) Motion

Pursuant to Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks and citation omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotation marks and citation omitted).

Wyndham asks that I strike from the Complaint "references to and purported quotes from unrelated legal proceedings and consumer complaints." D.I. 7 at 8. It argues that these references are "superfluous" and "seek to prejudice Wyndham by casting it in a derogatory light." D.I. 7 at 9. It does not, however, claim, let alone show, that these references have caused it to suffer prejudice. Accordingly, I will deny its motion insofar as it is a motion to strike.

## B. The Rule 9(b) Motion

In actions for fraud, a complaint must satisfy Rule 9(b)'s heightened pleading standards. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002). Plaintiffs do not dispute that its claims must satisfy Rule 9(b). *See* D.I. 12 at 10–12; *see also Windisch v. Hometown Health Plan, Inc.* 2010 WL 786518 at *7 (D. Nev. March 5, 2010) (applying Rule 9(b) to NDTPA); *Hamm v. Wyndham Resort Dev. Corp,* 2019 WL 6273247 at *5 (M.D. Tenn. Nov. 25, 2019) (applying Rule 9(b) to TTA).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" has been interpreted to require that plaintiffs "place the defendant on notice of the precise misconduct with which [it is] charged" by "alleg[ing] the date, time and place of the alleged fraud or otherwise inject[ing] precision or some measure of substantiation into a fraud allegation." *Alpizar-Fallas v. Favero,* 908 F.3d 910, 918–19 (3d Cir. 2018) (internal quotation marks and citation omitted); *see also United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (requiring "the who, what, when, where, and how of the events at issue") (internal quotation marks and citations omitted). In addition, "[Rule 9(b)] requires, at a minimum, that the plaintiff identify the speaker of

allegedly fraudulent statements." *Klein v. General Nutrition Cos.*, 186 F.3d 338, 345 (3d Cir. 1999) (citation omitted).

Plaintiffs have not satisfied Rule 9(b)'s requirement that they plead fraud with particularity. First, the Complaint fails to state where the misrepresentations took place. The Kirchners allege that the misrepresentations occurred at "a Wyndham location in Pigeon Forge, Tennessee" and Gebremeskel alleges the misrepresentations occurred at a "Wyndham location" while she was vacationing in Las Vegas. D.I. 1 ¶¶ 39, 49. Neither of these allegations identifies or suggests a specific location. An internet search of Wyndham properties in Pigeon Forge, for example, yields 12 Wyndham locations in Pigeon Forge. And Gebremeskel does not allege that she was staying at a Wyndham hotel, but instead states that she was taken off-site from her hotel to an unidentified "Wyndham location" in Las Vegas.

Second, although the timeshare agreements Plaintiffs attached to the Complaint contain the dates they were signed, the Complaint does not allege that Plaintiffs signed their contracts on the same days the alleged misrepresentations were made. Plaintiffs argue in their opposition brief that they sufficiently pleaded the dates of the misrepresentations, but the portions of the Complaint that they say identify dates of misrepresentations do not in fact do so. *Compare* D.I. 12 at 13 (claiming that the sales presentations took place on February 11, 2018 and September 2, 2017 and citing paragraphs 39 and 49 of the Complaint) *with* D.I. 1

7

¶¶ 39 (not containing any date), 49 (stating merely that Gebremeskel's vacation was in September 2017).

Lastly, the Complaint fails to identify the speakers of the alleged misrepresentations. Rule 9(b), however, "requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." *Klein,* 186 F.3d at 345. (citation omitted). And if the plaintiff is unable to identify the speaker by name, it needs to allege other facts about the speaker and circumstances in which the alleged misrepresentations were made so that the defendant can readily identify the speaker. In this regard the Third Circuit's decision in *Frederico v. Home Depot,* 507 F.3d 188 (3d Cir. 2007), is instructive. The plaintiff in *Frederico* alleged that a Home Depot engaged in fraud when an unidentified employee misrepresented the terms and conditions associated with renting a flatbed truck. 507 F.3d at 200–01. The Third Circuit affirmed the district court's finding that the plaintiff failed to satisfy Rule 9(b)'s standard because she "[did] not allege *who* at Home Depot" communicated the misrepresentation. *Id.* at 201 (emphasis in original). The court acknowledged plaintiff's assertion that she could not learn the name of the employee who interacted with her at Home Depot without further discovery, but it affirmed the dismissal of the claim because the plaintiff failed to "otherwise inject the requisite precision into her allegations" and "d[id] not disclose the circumstances surrounding her discussion with, or any information about, the

8

particular individual who informed her that the rental department was closed." *Id* at 200–01.

Like the plaintiff in *Frederico*, Plaintiffs in this case have not identified the individuals alleged to have made the misrepresentations alleged in the Complaint and also have failed to provide any circumstantial information about those individuals that would otherwise "place the defendant on notice of the precise misconduct with which [it is] charged." *Id.* at 200 (internal quotation marks and citation omitted). In their opposition brief, Plaintiffs point to the names of the Wyndham employees who signed Plaintiffs' timeshare agreements as evidence that Plaintiffs sufficiently pled the "who" requirement of Rule 9(b). But they never alleged in the Complaint that the individuals who signed the agreements on behalf of Wyndham were the individuals who made the alleged misrepresentations.

In short, Plaintiffs failed to plead in the Complaint the specific dates and locations of the alleged fraud and the identities of the individuals who perpetrated the alleged fraud. And they did not otherwise inject into the Complaint a degree of precision or some measure of substantiation to their allegations that would provide sufficient notice to Wyndham of the alleged fraud. Accordingly, I will grant Wyndham's motion to dismiss for failure to plead fraud with particularity pursuant to Rule 9(b).

### C.     Rule 12(b)(6) Motion

Because I have decided that the Complaint should be dismissed under Rule 9b), I need not and do not decide whether the Complaint should have been dismissed under Rule 12(b)(6).

### III.    CONCLUSION

For the reasons stated above, I will deny Wyndham's motion to strike and grant its motion to dismiss.

The Court will enter an Order consistent with this Memorandum Opinion.