

**Attorneys at Law**                                                        www.rl-legal.com

Seth D. Rigrodsky  
*Admitted in DE, NY*

Timothy J. MacFall  
*Admitted in NY*

Gina M. Serra  
*Admitted in DE, NJ, NY, PA*

Marc A. Rigrodsky  
*Admitted in CT, DC*

Herbert W. Mondros  
*Admitted in DE, PA*

Vincent A. Licata  
*Admitted in NY*

August 20, 2021  
*Via CM/ECF and By Hand*

The Honorable Jennifer L. Hall  
United States Magistrate  
J. Caleb Boggs Federal Building  
844 N. King Street, Unit 17, Room 3124  
Wilmington, DE 19801-3555

Re: ***Kirchner et al. v. Wyndham Vacation Resorts, Inc.*** No. 1:20-CV-00436 CFC   JLH

Dear Magistrate Hall:

      Pursuant to F. R. Civ. Pro. 26 (d)(1), Plaintiffs seek to take depositions of two recently terminated Wyndham employees, Danielle Henderson (Henderson) and Joseph Wells, Jr. (Wells) who will provide whistleblower-type testimony about Wyndham's sales practices.  As set forth below, Plaintiffs have good cause to depose them prior to a Rule 26(f) conference.  This case has been pending since March 27, 2020 and no initial status date or case management report date has been set.  It may continue for another two years in the event of an appeal.  The desired whistleblower testimony could be case dispositive and should be preserved now.

      Wyndham sells timeshares for an average price of $21,000 which are worth $1 the next day on eBay.  (Amd. Complt. ¶3.)  Customers are unable to use their timeshares to book their desired Wyndham destinations.  However, they can go on Expedia.com and book the same Wyndham resort at a cheaper price. (Amd. Complt. ¶7.)  Plaintiffs expect the whistleblowers to testify that this occurs because Wyndham intentionally oversells its inventory of rooms,  over allocates rooms to non-owners through public websites in order to make more money than it would if owners used the inventory, and discloses none of this to prospective timeshare owners.  Plaintiffs, through counsel, have been contacted by hundreds of Wyndham timeshare owners who have read the class action complaint, said that they were similarly deceived, and want to "join" the case.  Owners have few avenues of redress since Wyndham does not honor its arbitration clause.  Consequently, the American Arbitration Association (AAA), the sole designated arbitration forum in Wyndham timeshare contracts, declines to hear any Wyndham cases.  Moreover, owners are caught in a Catch-22 situation between Wyndham and unscrupulous timeshare exit companies.  As a result, many owners are anxiously watching developments in this case.  The case has also generated national interest from media outlets and State Attorney Generals.

300 Delaware Avenue | Suite 210 Wilmington,  
Delaware | 19801  
T 302.295.5310

825 East Gate Boulevard | Suite 300 Garden City,  
New York | 11530  
T 516.683.3516

The Honorable Jennifer L. Hall
August 19 2021
Page 2



      This is not the first time Wyndham has been sued for fraud. The California Attorney General sued the predecessor of Wyndham. The State of Wisconsin sued Wyndham. In *Williams v. Wyndham Vacation Ownership Inc*. (Sup. Ct. San Francisco, No. CGC-12-526187), a Wyndham whistleblower was awarded $20 million for exposing fraud. In 2019, owners filed fifty-nine individual fraud cases against Wyndham in the Middle District of Florida. Five test cases were selected to proceed and the court denied Wyndham's motions to dismiss. *See Buxton v. Wyndham Vacation Resorts, Inc.*, 2020 U.S. Dist. LEXIS 254157 (M.D. Fla. April 22, 2020). Plaintiffs are confident that their claims will proceed in one form or another, regardless of how the Court rules on Wyndham's pending motion to dismiss the Amended Complaint.

      This class action is a continuation of *Deneen v. Wyndham Vacation Resorts, Inc.* (No. 19-cv-5499 N. D. Ill) filed in August 2019. *Deneen* was dismissed without prejudice for jurisdictional reasons. It was refiled here on March 27, 2020 with a change in some of the class representatives. The class consists of owners without arbitration clauses. Plaintiffs' counsel also filed *Bedgood v. Wyndham Vacation Resorts, Inc. et al*. (No. 21-cv-418 M.D. Fla.) for owners with arbitration clauses. On August 8, 2021, in *Bedgood*, Magistrate Irick entered an Order that "(d)iscovery is fully open in this case…" In response, Wyndham moved to shut down all discovery.

      Significantly, in *Deneen*, the Court and Magistrate Shenkier allowed full scale class merits discovery to proceed over vociferous objections by Wyndham. In a lengthy hearing conducted on January 6, 2020, Magistrate Shenkier granted large parts of Plaintiffs' Motion to Compel Discovery. Plaintiffs will seek to use that discovery here and in *Bedgood* so Wyndham's argument that the discovery was "unwarranted" is not correct and contrary to the rulings of Magistrate Shenkier. Having failed to bar discovery in *Deneen* and *Bedgood*, Wyndham now seeks to prevent preservation of whistleblower testimony from two key witnesses.

      Danielle Henderson worked at Wyndham eighteen years before being fired in April 2021. She was located at Wyndham's corporate headquarters in Orlando, Florida. Her title was Vice President of Business Improvement and Quality. Henderson had extensive contact with high level corporate officers at Wyndham. She has specific knowledge about whether Wyndham intentionally oversells its inventory of resort destinations, whether Wyndham prefers non-owners to owners, whether Wyndham purposefully directs inventory to public websites such as Expedia.com rather than to owners, whether Wyndham makes more money by selling inventory on public websites, and whether any of this is disclosed to class members. Simply put, her testimony has the potential to crack this case wide open. Wyndham does not want her to testify.

      Joseph Wells Jr. was a Wyndham sales representative at the Club Ocean Boulevard location in North Myrtle Beach, South Carolina. Over a period of several years, he recorded Wyndham sales meetings which establish omissions and deceptive sales practices alleged by Plaintiffs. He also witnessed blatantly fraudulent activity such as Wyndham sales personnel whiting out financial disclosure information prior to owners executing timeshare ownership contracts. He was fired when he threatened to go public with his recordings. Wells thought he had evidence of criminal wrongdoing by Wyndham sales representatives. Wyndham does not

want him to testify.

The law relevant to Plaintiffs' request is set forth in *Vision Films, Inc. v. Doe*, 2013 U.S. Dist. LEXIS 38440, at *5, 2013 WL 1163988 (D. Del. Mar. 20, 2013):

> Generally, '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), Fed. R. Civ. Pro. 26(d)(1). Courts, however have broad discretion to manage the discovery process , and can expedite or otherwise alter the timing and sequences of discovery.

The *Vision Films* court went on to explain that two standards exist for evaluating whether requests for expedited discovery should be granted:

> The second, less demanding standard requires the party seeking discovery to show good cause for its motion, such that the request for taking discovery prior to a Rule 26(f) conference "is reasonable in light of all the circumstances." (*citing BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004)). … In prior decisions involving motions for expedited discovery, this court has utilized only the reasonableness standard.
>
> Under this 'reasonableness' standard, the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party by considering such factors as (1) the timing and context of the discovery requests[] …; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent. (c*iting Kone Corp. v. Thyssenkrupp USA, Inc*., 2011 U.S. Dist. LEXIS 109518 at *4 , 2011 WL 4478477 (D. Del. Sept. 26, 2011)).

*Id.* at **7, 8. *See* also *Estate of Berland v. Beverly Berland Ins. Trust*, 2018 WL 5113961 (D. Del. Oct. 19, 2018) (motion for expedited limited discovery granted).

The three prongs of the reasonableness test are satisfied. The scope of the request is limited. The purpose is to obtain evidence that may be case dispositive. Delay could cause irreparable prejudice to Plaintiffs. Wyndham is asking Henderson to sign a non-disparagement clause in a severance agreement. Plaintiffs want to depose her before Wyndham can argue that she is barred from testifying. Further, Plaintiffs seek to preserve the testimony of Henderson and Wells while their recollection of events is still fresh. The burden on Wyndham is *de minimis*. Therefore, Plaintiffs request that they be granted leave to depose Danielle Henderson and Joseph Wells, Jr.

Respectfully submitted,

**RIGRODSKY LAW, P.A.**

Cc: Counsel of record (Via CM/ECF and email)
Courtesy copy by hand to Judge Hall

/s/ *Herbert W. Mondros*
Herbert W. Mondros (#3308)