# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN ERIC KIRCHNER, ELIZABETH LEE KIRCHNER, and ROBERT GRANT WESTON, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WYNDHAM VACATION RESORTS, INC., <br><br> Defendant. | Case No. 1: 20 -cv- 00436 -RGA <br><br> JURY TRIAL DEMANDED <br><br> FILED UNDER SEAL |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (REDACTED)

Plaintiffs Steven Kirchner, Elizabeth Kirchner and Robert Weston move to certify the following Class and Sub-Class under Fed. R. Civ. P. 23(b)(3):

    a. All persons who signed Wyndham timeshare agreements (without arbitration clauses and without prior Wyndham timeshare agreements) within three years prior to the filing of this suit after attending Wyndham sales presentations who requested cancellation of their contracts, were unsuccessful in obtaining rescission, and complained about sales misrepresentations.

    b. All persons who signed Wyndham timeshare agreements (without arbitration clauses and without prior Wyndham timeshare agreements) in Tennessee within three years prior to the filing of this suit after

1

attending Wyndham sales presentations who requested cancellation of their contracts, were unsuccessful in obtaining rescission, and complained about sales misrepresentations.

Plaintiffs also move to certify the following Class under Fed. R. Civ. P. 23(b)(2):

> All persons who signed Wyndham timeshare agreements (without arbitration clauses and without prior Wyndham timeshare agreements) within three years prior to the filing of this suit after attending Wyndham sales presentations.

Plaintiffs seek injunctive and declaratory relief for the Rule 23(b)(2) Class including full disclosure of the limited availability problem surrounding Wyndham timeshares and the option to be relieved of having to make any further payments to Wyndham. As set forth in the accompanying Opening Brief, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

The Rule 23(b)(3) Classes for which certification is sought are narrower in scope than the Rule 23(b)(3) Classes defined in paragraph 65 of the Corrected Third Amended Complaint (Doct. No. 83.) The original Classes included people who unsuccessfully tried to cancel for <u>any</u> reason. The revised Rule 23(b)(3) classes are limited to people who requested cancellation, did not obtain rescission <u>and</u> complained about sales misrepresentations.

The Rule 23(b)(2) Class is an additional class not requested in the Complaint. The reason for adding this Class is that documents were only recently produced by

2

Wyndham showing the magnitude of its non-disclosures, ie. that it does not disclose that less than half of new Owners are able to use their timeshares. All persons who signed contracts during the Class Period should get full disclosure about this issue and be given the option of not having to make further payments to Wyndham.

Under Third Circuit law, when Plaintiffs move for class certification, they are permitted to seek certification of a class that is defined <u>differently</u> than the one in the complaint. As stated in *Lord Abbett Affiliated Fund, Inc. v. Navient Corporation*, 2020 WL 5026553 at *2 (D. Del. August 25, 2020), "... multiple courts in this circuit have rejected the argument that plaintiffs are bound by the class defined in the complaint." The court then cited eight separate decisions from this Circuit in accord with that proposition.[1]

Wherefore, Plaintiffs pray for entry of an Order certifying the foregoing Classes, appointing Plaintiffs as Class Representatives and appointing and their counsel to represent the Classes.

---

[1] *See Schultz v. Midland Credit Mgmt., Inc.*, C.A. No. 16-4415, 2020 WL 302651, at *4, (D.N.J. June 5, 2020)*; Barenbaum v. Hayt, Hayt & Landau, LLC*, C.A. No. 18-4210, 2019 WL 4305761, *Swank v. Wal-Mart Stores, Inc*., 2:13-cv-1185, 2018 WL 2684102 at *3 (W.D. Pa. June 5, 2018); *Carney v. Goldman*, C.A. No. 15-260-BRM-DEA, 2018 WL 2441766, at *10 (D.N.J. May 30, 2018); *Kalow & Springut, LLP v. Commerce Corp.*, 272 F.R.D. 397, 401 (D.N.J. 2011); *Gates v. Rohm & Haas Co*., 265 F.R.D. 208, 215 n. 10 (E.D. Pa. 2010); *Rivera v. Brickman Group, Ltd*., C.A. No. 5-1518, 2005 WL 8177343, at *5 (E.D. Pa. Nov. 10, 2005); *Weisfeld v. Sun Chem. Corp*., 210 F.R.D. 136, 138 (D.N.J. 2002) *aff'd* 84 F. App'x 257 (3d Cir. 2004).

Respectfully submitted,

Plaintiffs,

RIGRODSKY LAW, P.A.

By: */s/ Herbert W. Mondros*

Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: sdr@rl-legal.com
Email: gms@re-legal.com
Email: hwm@rl-legal.com

LAW OFFICES OF HOWARD B. PROSSNITZ
1014 Ontario Street
Oak Park, IL 60302
(708) 203-5747 (*Pro hac vice*)
prossnitzlaw@gmail.com

Dated:  October 19, 2023

## **Certificate of Service**

Herbert Mondros, an attorney, certifies that he served a copy of the foregoing Motion through the Court's CM/ECF electronic filing system on all counsel of record on this 20th day of October, 2023.

*/s/ Herbert W. Mondros*