# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN ERIC KIRCHNER, ELIZABETH LEE KIRCHNER, and ROBERT GRANT WESTON, Individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WYNDHAM VACATION RESORTS INC., <br><br> Defendant. | No. 1:20-CV-00436-CFC <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF <u>MOTION FOR CLASS CERTIFICATION</u>

### REDACTED VERSION

Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros, Esq. (#3308)
RIGRODSKY LAW, P.A.
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Tel. (302) 295-5310
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

Howard B. Prossnitz, Esq.
LAW OFFICES OF
HOWARD PROSSNITZ
1014 Ontario Street
Oak Park, IL 60302
(708)203-5747
prossnitzlaw@gmail.com
*Pro hac vice*

*Attorneys for Plaintiff*

Dated: November 30, 2023

# TABLE OF CONTENTS

|     |     | Page No. |
| --- | --- | --- |
| I.   | Introduction ................................................................... | 1 |
| II.  | Facts Omitted From Wyndham's Brief .......................... | 2 |
|      | A. Wyndham's ▮▮▮ Documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 2 |
|      | B. Plaintiffs Were Misled By Omissions ..................... | 4 |
|      |     1. The Kirchners ................................................. | 4 |
|      |     2. Robert Weston ................................................ | 6 |
| III. | Argument .......................................................................... | 7 |
|      | A. There is Zero Change in the Theory of the Case – The Rule 23(b)(2) Class Should Be Certified ................ | 7 |
|      | B. Rule 23 Requirements Are Satisfied ........................ | 8 |
|      |     1. Rule 23(b)(3) Predominance Exists ..................... | 8 |
|      |     2. Numerosity, Commonality, Typicality and Superiority Exist ................................................. | 10 |
| IV.  | Conclusion ....................................................................... | 12 |
| Certification of Word Count................................................... | | 14 |
| Certificate of Service............................................................. | | 15 |

# TABLE OF AUTHORITIES           Page No.

*Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153, 92 S. Ct. 1456, 31 L. Ed. 2d 741 (1972) …………………………………………...    9

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ……….….    9

*Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) ……………….    8

*In re: Community Bank of Northern Virginia*, 418 F. 3d 277, 309 (3d Cir. 2005) ………………………………………………………………    11

*In re LifeHolding Inc.*, 242 F. 3d 136, 146 (3d Cir. 2001)…………..………    11

*In Re Prudential Insurance Company America Sales Practice Litigation Agent Actions*, 148 F. 3d 283 (3d Cir. 1998) ………………………….………    7, 8

*In Re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 247 (D. Del. 2002) …………………………………………………………….    9

*Kelly v. RealPage Inc.*, 47 F. 4th 202, 215 (3d Cir. 2022) …………………    8, 9

*Lord Abbett Affiliated Fund, Inc., v. Navient Corp.*, 2020 WL 5026553 at *2 (D. Del. Aug. 25, 2020)…………………………………………………..    7

*Skeway v. China Natural Gas, Inc.,* 304 F.R.D. 467, 475 (D. Del. 2014) …….    9

## STATUTES

Fed. R. Civ. P. 23……………………………………………………..…    *passim*

Fed. R. Civ. P. 23(a)……………………………………………………..…    *passim*

Fed. R. Civ. P. 23(b)(2)…………………………………………………….    *passim*

Fed. R. Civ. P. 23(b)(3)…………………………………………………….    *passim*

I. Introduction

The common factual and legal question which can and should be decided on a class wide basis is whether Wyndham's omissions are actionable. The principal omissions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are that:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during the ▮▮▮▮▮ of ownership.
- The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ location.
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ owners and ▮▮▮▮▮▮▮▮▮▮▮▮.

(Pltffs. Ex. A, Wyndham Doct. Nos. 359009-359035, 541805-541831.)[1]

Nowhere in Wyndham contract documents, Offering Statements or Member's Directory are any of these facts disclosed. Wyndham's brief ignores these omissions. It concedes their non-disclosure. If these facts were disclosed, Plaintiffs and Class Members would not have purchased Wyndham timeshares.

These common material omissions affect all Class Members. No individualized inquiry is needed. The same omissions affect everyone regardless of the details of their sales presentation. Wyndham has stamped ▮▮▮▮▮▮▮

---

[1] Exhibit references are to the exhibits to Plaintiffs' Opening Brief.

documents "confidential" so briefs must be filed under seal and the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮.

## II. Facts Omitted From Wyndham's Brief

Most of Wyndham's brief is irrelevant since it deals with affirmative misrepresentations. It also paints an entirely fictional factual picture.

### A. Wyndham's Documents ▮▮▮▮▮▮▮▮▮▮ Problem

Wyndham's principal objection to class certification is that there is no problem of availability. Its ▮▮▮▮ documents establish that this ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮:

NEXT PORTION IS PDF OF CONFIDENTIAL DOCUMENT



CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                         WVR-Kirchner-0541805

ENTIRE PAGE IS PDF COPY OF CONFIDENTIAL DOCUMENT

PDF EXCERPTS FROM WVR DOCT NOS. 359009-359035, 541805-541831.



3

NEXT PORTION IS PDF OF CONFIDENTIAL DOCUMENT



(*See* Plttf. Ex. A.)

Wyndham documents admit that ███████████████; that ███ ██████████████████████████ dates they ███; quote owners as saying ██████████████████; and that they ███ by ██████████████. (*Id.*)

Wyndham disingenuously asserts that contract language that accommodations can be booked on "a space available basis" is adequate disclosure. This language is a far cry from the omission ████████████████ ████████. The availability problem is real and undisclosed.

**B. Plaintiffs Were Misled By Omissions**

    1. The Kirchners

4

Plaintiffs sought to cancel when they discovered that they had been defrauded. Wyndham falsely argues that Plaintiffs were uneducated about its rules and made "nominal" efforts to use their timeshares. (Defdt. Mem. at 3-4.) None of this is a defense to fraud in the inducement. Nothing could be further from the truth.

Steven Kirchner tried to book several dozen times and found no availability (Pltffs. Ex. B, Steve Kirchner Tr. at 238: 10-18); he tried more than eight or ten times for one Tennessee resort (*Id*. at 53: 18-21); five to ten times for Boston (Id. at 196; 5-8); and unsuccessfully tried Margaritaville, Clearwater Beach, Smoky Mountain resort or Boston ( *Id*. at 53: 1-5, 118: 3-9. He testified that he followed the rules by being willing to a book up to a year in advance (*Id*. at 53:25, 54: 1-3); that "(w)ithin the first year or two, we almost couldn't get to anyplace" (*Id*. at 118: 2-3); that when there was no availability through Club Wyndham, he could find the same accommodation at the same Wyndham resort for less money on Orbitz or Travelocity (*Id*. at 70: 1-19, 72: 11-21). He learned ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "(T)hat is fraud… that is dishonest and deceptive and duplicitous and unethical" (*Id*. at 131: 20-22).

Mr. Kirchner correctly concluded that Wyndham documents do not disclose the omissions.

> I don't believe there would be any information in here that they omitted from us… After the duplicitous, deceitful behavior – they totally lied to us. … in

5

the sales meeting.  And they're going to tell us the truth in these documents?  I don't think that's reasonable.  *Id*. at 137: 7-14.

Mr. Kirchners' reference to possible availability at "thousands" of Wyndham resorts is a misstatement.  There are only 154 resorts in the United States.  He immediately clarified that what he meant was that he assumed availability at some place where they did not want to go.  *Id*. at 123:12-14.  Open rooms in Wisconsin in winter does not negate the fact ████████████████████████ Wyndham erroneously claims that the Kirchners read nothing. Mr. Kirchner testified:

> I do remember reading parts – portions of the contract afterwards, and there was nothing in there that was alarming to me.  And again, unless I was suspecting that Wyndham was acting in bad faith, why would I be attempting to cancel the contract just within two weeks of signing the contract? (*Id*. at 223: 21-25, 224: 1-3.)

Wyndham argues that the Kirchners made no effort to use their timeshare during one year, but omits that it was when Mrs. Kirchner was in the hospital with covid. (Pltffs. Ex. C,  Elizabeth Kirchner Tr. at 19: 11-25.)

### 2.  Robert Weston

Wyndham's brief also omits that Mr. Weston was lied to about the length of his rescission period.  He was falsely told that it was ten days,  not five days.   (Pltffs. Ex. D,  Weston Tr. at 54: 23-25.)  He was told that he could go wherever he wanted without restrictions (*Id*. at 53:13-19).   He was lied to about whether he could travel

with pets. (*Id*. at 170: 9-21). He eventually learned that the sales presentation was "chock full" of information that Wyndham intentionally withheld. (Id. at 169: 13-24.) Among the omissions were that ███████████████████████████████████████████████████████████████████████████████████████████████████████ When he could not rescind, he tried booking months in advance and found no availability. (*Id*. at 71: 15-23.) He concluded "this was a scam." (*Id*. at 73: 24.)

### III. Argument

**A. There is Zero Change in the Theory of the Case – The Rule 23(b)(2) Class Should Be Certified**

From day one, this case has been about omissions similar to those in *In Re Prudential Insurance Company America Sales Practice Litigation Agent Actions*, 148 F. 3d 283 (3d Cir. 1998). The very first paragraph of the original Complaint states that the case is about "uniform and common material omissions in the sales presentations…." (Doct. 1 at 1.) Wyndham objects to the Rule 23(b)(2) class because it adds new class members and increases class size. These precise objections were rejected in *Lord Abbett Affiliated Fund, Inc., v. Navient Corp*., 2020 WL 5026553 at *2 (D. Del. Aug. 25, 2020). Defendant objected that plaintiff's motion for class certification improperly amended the complaint and "massively" expanded the class size. The court cited nine separate Third Circuit cases to

7

conclude that no amendment was necessary and that massively increasing class size was not a valid objection.

Wyndham repeatedly refers to a non-existent motion to amend by Plaintiffs. (Defdt. Mem. at 9.) There is no such motion and none is needed. Wyndham has always known about the possibility of a large class. In Answers to Interrogatories about class size, Wyndham said it entered into 250,000 contracts during the class period. In *Prudential*, *supra*, the certified class had 8 million persons and there were a variety of misrepresentations and omissions.

Plaintiffs have standing to ask for injunctive relief for the Rule 23(b)(2) class because they did <u>not</u> know of the omissions at the time of purchase. There is injury-in-fact and the likelihood of future injury because Wyndham is still billing the Kirchners for maintenance fees. Further, plaintiffs seek no damages for Rule 23(b)(2) class – only declaratory and injunctive relief consisting of proper disclosure and relieving Class Members of further payment obligations.

### B.  Rule 23 Requirement Are Satisfied[2]

#### 1.  Rule 23 (b)(3) Predominance Exists

The Third Circuit recently explained that the lynchpin test for predominance is whether common evidence may be used to prove the claims. *Kelly v. RealPage*

---

[2] It is correct that the relaxed certification standard of *Eisenberg v. Gagnon*, 766 F, 2d 770 (3d Cir. 1985) no longer applies, but Plaintiffs satisfy the non-relaxed standard.

*Inc.*, 47 F. 4ᵗʰ 202, 215 (3d Cir. 2022). Here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is common evidence of the omissions affecting all Class Members. One document can be used to prove the common claims.

In *Amchem Prods., Inc. v. Windsor*, 521 U.S. 613, 625 (1997), the Supreme Court stated that predominance is readily met in cases involving consumer fraud. *See also In re: Warfarin Sodium Antitrust Litigation*, 291 F. 3d 516, 528 (2002)(predominance established where defendant sought to deceive consumers.) Further, in *Skeway v. China Natural Gas, Inc.,* 304 F.R.D. 467, 475 (D. Del. 2014), this Court certified a class and appointed one of Plaintiffs' counsel, Seth Rigrodsky, as liaison class counsel. The Court noted that no individualized treatment was needed to determine if Defendant's omissions caused losses. The Court further held the omissions were material and that reliance could be presumed under *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153, 92 S. Ct. 1456, 31 L. Ed. 2d 741 (1972).

Wyndham raises irrelevant objections to predominance of omissions such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ presentations. The omissions occur ▮▮▮▮▮▮▮▮ podium presentations. In John Wheeler's deposition, he admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at Owner Update meetings and ▮▮▮▮ non-Wyndham brands. (Ex. G., Wheeler Tr.

9

at 71:19-25.)  Neither existing owners nor non-Wyndham brands are part of the classes here.  The omissions involve 100% of Class Members, not 60% of them.

### 2. Numerosity, Commonality, Typicality and Superiority Exist

**Numerosity**

Wyndham reverses course after its counsel estimated the size of the Rule 23(b)(3) class as ▇▇▇ people:

> April 3, 2023
>
> *Via email*
> *Yan.Grinblat@us.dlapiper.com*
>
> **Interrogatory No. 1 - How many people are in the Class and Subclasses?**
>
> Defendant has informally stated that the class size as originally proposed was about ▇▇

Defendant's estimate relied on ▇▇▇▇▇▇▇, a ▇▇▇▇▇▇▇▇▇ of people who ▇▇▇▇▇▇▇.  Plaintiffs' Exhibit P is an excerpt of the spreadsheet with Columns A to G.  The complete spreadsheet has twenty-eight columns A to AB with specific information such as:



10

"▮▮▮▮▮ appears 309 times and ▮▮▮ 295 times. Numerosity is satisfied.

### Commonality

Wyndham's authority of *In re LifeHolding Inc.*, 242 F. 3d 136, 146 (3d Cir. 2001) is inapposite. The Third Circuit noted that the district court had not identified any material fact which was not disclosed to class members. Here, the opposite is true. Commonality exists.

### Typicality

Plaintiffs cited 1,880 pages of online complaints establishing typicality. For instance on the Better Business Bureau website, Rebecca M. posts on August 8, 2023:

> This whole thing is a bunch of scams. **Our experience is all the same of every other negative review/comment on here**. … All the sales reps are shady, pushy and give false information. It's not worth the money at all as **most places aren't even available** and top of it if you look at your points to use at most places it would cost you way less if you just paid for out of pocket. (Doct BBB 0023.) (Emphasis supplied.)

It is irrelevant that owners cancel for different expressed reasons because every single one of them was subject to the same omissions.

### Superiority

The superiority requirement requires balancing the efficiency of a class action against other available methods of adjudication. *In re: Community Bank of Northern Virginia*, 418 F. 3d 277, 309 (3d Cir. 2005). Here, the common evidence of

11

omissions makes a class action vastly more efficient and superior to hundreds of individual lawsuits. The average claim is $21,000. Without certification, Wyndham owners will not get relief for Wyndham's material omissions.

As a practical matter, without certification, Wyndham will continue to tell consumers they can go wherever they want whenever they want, and keep completely ███████████████████████████████████████ ███████████ year. At all times, ███████████████████████ of what ███████████████████████████████ regular owners. The truth needs to be disclosed.

### IV. Conclusion

Plaintiffs' motion for class certification should be granted.

By: *Herbert W. Mondros /s/*

    Seth D. Rigrodsky (#3147)
    Gina M. Serra (#5387)
    Herbert W. Mondros, Esq. (#3308)
    RIGRODSKY LAW, P.A.
    300 Delaware Avenue, Suite 210
    Wilmington, DE 19801
    Tel. (302) 295-5310
    Email: sdr@rl-legal.com
    Email: gms@rl-legal.com
    Email: hwm@rl-legal.com

>Howard B. Prossnitz, Esq.
>LAW OFFICES OF HOWARD B. PROSSNITZ
>1014 Ontario Street
>Oak Park, IL 60302
>(708) 203-5747
>prossnitzlaw@gmail.com
>*Pro hac vice*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME <u>LIMITATIONS</u>

The undersigned counsel certifies that this filing complies with the type, font, and word limitations set forth in the Court's Standing Order of November 6, 2019. According to the word processing system used to prepare it, the foregoing document contains 2,485 words, excluding the case caption, table of contents, table of authorities, index to exhibits and signature block. Word counts for the Wyndham documents copied herein are included in this count. The text of this document was prepared in Times New Roman, 14 point, with quotations 13 point, and footnotes 12 point.

<u>*Herbert W. Mondros /s/*</u>

## Certificate of Service

The undersigned attorney certified that he served a copy of the foregoing on all counsel of record by email on this 30th day of November, 2023.

*Herbert W. Mondros /s/*